```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                         DISTRICT OF ARIZONA
10
11  Ronald Lee, et al.,              )
12           Plaintiffs,             )    3:14-cv-08218 JWS
13       vs.                         )    ORDER AND OPINION
14  City of Kingman, et al.,         )    [Re: Motion at Docket 49]
15           Defendants.             )
16                                   )
```

## I.  MOTION PRESENTED

At docket 49 defendant Mohave County Fair Association ("MCFA") moves to dismiss the First Amended Complaint ("FAC") of plaintiffs Ronald Lee and Raola Lee ("the Lees") pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Lees oppose at docket 50.  MCFA replies at docket 53.

At docket 58 the Lees filed their Second Amended Complaint ("SAC").  Although MCFA's present motion is directed toward the FAC, the court will consider it as directed toward the SAC because the SAC's changes are irrelevant to MCFA's motion.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 64.  It need not be repeated here.  Suffice it to say for purposes of

the present motion that the Lees brought this action after their son suffered catastrophic injuries while working as a pyrotechnic assistant at a Forth of July fireworks show in 2013. The Lees allege that MCFA co-hosted the show with defendant City of Kingman ("Kingman").

### III.  STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[2] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[3] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[1]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[3]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[4]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6]*Id.*

has acted unlawfully."[7] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[8] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[9]

## IV.  DISCUSSION

The SAC alleges the exact same four causes of action against Kingman and MCFA: (1) strict liability; (2) negligence (premises liability); (3) vicarious liability; and (4) loss of consortium.  At docket 64 the court granted the motion to dismiss each of these claims against Kingman.  The court ruled that the Lees' strict and vicarious liability claims are barred by the independent contractor rule and their premises liability cause of action fails to state a claim.  Because each of these rulings applies to MCFA and Kingman equally, these three claims and the Lees' derivative claim for loss of consortium[10] must be dismissed under the law of the case doctrine.[11]

## V.  CONCLUSION

For the reasons set forth above, the motion at docket 49 is **GRANTED**. Defendant Mohave County Fair Association is **DISMISSED** as a defendant in this action.

---

[7] *Id.* (citing *Twombly*, 550 U.S. at 556).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[9] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[10] *See Barnes v. Outlaw*, 964 P.2d 484, 487 (Ariz. 1998) ("[B]ecause loss of consortium is a derivative claim, all elements of the underlying cause must be proven before the claim can exist.") (citations omitted).

[11] *See Dancing Sunshines Lounge v. Indus. Comm'n of Arizona*, 720 P.2d 81, 83 (Ariz. 1986) ("The term 'law of the case' refers to a legal doctrine providing that the decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested.").

1
2  DATED this 25th day of September, 2015.
3                                                          /s/
4                                          JOHN W. SEDWICK
                                    SENIOR UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28